We'll move now to Appeal 25-1608, John Jacoby v. Idlewild Country Club. We'll begin with oral argument from Ms. Montee. May it please the Court. Good morning. Thank you for the opportunity to bring a fresh perspective to the Cavoto v. Hayes decision that was previously decided by this Court. With all due respect to the previous panel, the Cavoto decision issue that we're talking about today was never raised in the District Court, was not raised in the Appellate Court where the counsel was going pro se, and had never actually been the benefit of any type of argument or analysis on that issue. In fact, there's only a couple of—it is a conclusionary statement. In looking at 7434, the cause of action that the Cavoto decision decided did not include cancellation of debt, there is only the summary statement that it isn't included in the type of returns. The mistake there is looking at the tax code and trying to make any kind of sense of it on its surface. So I certainly don't want to defend that in any way. However, everything in the tax code happens to be convoluted into some other type. And so the decision to look at these by the descriptive factors was just an oversight. Let me ask Ms. Montee, so we begin with 7434 and its statement with regard to willfully filing of fraudulent information. That references us then to 6724, the waiver with definitions and special rules, and that's broken into A and B. We've got A with the nine sections, and then B has got a particular section, section 10, relating to returns relating to the cancellation of indebtedness by certain financial entities. It looks like there the statutes have a fork in the road, one that looks to be correct, one that looks to be incorrect. I'm interested in your thoughts on this. So it really shouldn't start there. Where you need to start is where all of the information returns are. There's about 50 different types of information returns put out by the IRS. They start with 6041, which is the statute we're going to talk about. And where they are divided is not by the type of information return, but by the type of taxpayer. So 6041 starts with a general purpose that says every trade or business has to file an information return for income. And then it excludes all of these other ones that are specific sections because it doesn't want you to have a duplicate type of filing. 6724 has not only A and B, it's got A, B, C, D. And 6724 is under the section of the tax code for assessing penalties and interest and certain types of non-filing penalties. Some are $50, some are $1,000. That's where the grouping is. So if you look at B, B is people who generally file their information returns as a normal course of everything that they do. You've got brokers, you've got mortgage companies, you've got all of that. In A, it is more individuals. So the beginning, 6741, says everyone who is a trade or business has to file information returns unless there is another statute that requires you to file your information returns. What should that statute be according to you? Well, in this particular case, in the case of Cavoto and Hayes, and in the case of my client, the defendant is just someone in a normal course of trade or business. And so they fall under 6041. So you're saying, I know that the primary question here is about the scope of the cause of action. But if I understand correctly, the logic of your argument would be that all entities or persons like Idylwyld that forgive any debt over $600 now are required to file information returns under 6041A. They always are. They always file all of their information returns under 6041. If they file a W-2, it's under 6041. If they file an interest return, it's under 6041. If they file a cancellation of debt under the general income category, it's under 6041. What form would that be? What form are you saying they're always filing if they forgive any debt over $600? A non-financial entity. Okay, so here's the deal with forms. Forms are irrelevant to the statute. I understand. But I'm trying to understand the IRS's current practice. They can file a cancellation of debt to 99C. They can file W-2s. They can file anything. There's 20 different types of 1099s. All of the statutes say in whatever form the IRS says to file it. And the IRS has made these forms for their purposes, making it easier to find that income on someone else's return. So if you have a rent, they're going to look at your E. If you have these newer ones, like a 1099K, that's if you get money from PayPal or Venmo or people who are selling things on Etsy. So the IRS keeps breaking off different types of 1099s. So the statute only says any of the income things that you do that are not W-2s are on a 1099. It doesn't say, the regulations say that. It doesn't say what kind. So whether it's a 1099C or miscellaneous or interest or dividends, it's still under 6041 as a type of income. Okay, so you do think that 6041 is a mandatory filing statute for all persons or entities non-financial to file something, whatever form it is on, to report a forgiven debt? Right. Then you go to 6042 and it says... So then can I ask you a follow-up question? Yes. So if 6041A already required that, 6050 was added to the statutory scheme much later. Yes. What is the point of adding 6050P, which provides a specific reporting requirement for specific entities, mostly financial entities, to report forgiven debt? Okay, so if you look at 6041, it will say everybody except, and then it starts naming off statutes. If you'd look at the regulations under 6041P, it'll show 6050 there. You've got 50 different things. If you become required under a different statute, then you're no longer a part of 6041. And that's where the applicable financial entities are. And the other statute would be section 61, gross income defined from discharge of indebtedness. Yes. So it's just a general category. So you're saying before 6050P was passed, all those applicable entities covered by 6050P, they already were subject to 6041A? Correct. Okay. So was 6050P just sort of building a lily there for Congress? No, these things are because there's different penalties if they don't do it. These are specific things. Plus, like I said, every time they make a new statute, the IRS says, let's make it more specific. And they pull more specific things, and they define them in different ways. Can I ask you about the provision that Judge Brennan just asked about, gross income? Yes. What is the precise scope of that definition of gross income? It's in a different subtitle of 26. Yes. Does it apply throughout Title 26, or does it apply just to that subtitle? It applies to everything. It applies to all of the, not only information returns, but personal income tax returns, corporate income tax, everything that applies. 6050P is not listed in the parenthetical set of exclusions in 6041? It is not. However, it is included in the regulations. And the regulations specifically say that it's meant to have non-duplicative, so that you wouldn't be subject to two different things, and the reason for that is penalties. Okay. Thank you, Ms. Monti. We'll be giving you some rebuttal time. Thank you. Mr. Shoup, we'll recognize you now on behalf of the affiliate. Good morning. May it please the Court. Good morning. Devlin Shoup on behalf of the defendant affiliate. I'm just going to start from the plain beginning. Section 7434 clearly creates a private cause of action, but it's a limited private cause of action for a situation where someone willfully files a false information return. Now, the scope, the limited scope of that private cause of action is set forth in 6724D1A. It's limited because it limits the types of information returns that can be the basis for 7434A cause of action. A 1099C for the cancellation of debt is not one of those limited information forms that can be the basis for 7434A cause of action. What about the argument, though, that Section 61A11 talks about income from discharge of indebtedness being that and that applying throughout Title 26? Well, I heard a couple of different points. The fork in the road, the fact that it could be gross income, the 650P. The problem, Your Honor, is that none of that is explicitly set forth in the income, by Congress, in the Internal Revenue Code by itself. Most of it is specified by regulations from the Internal Revenue Service, things of that nature, which cannot amend, otherwise modify, the statute of reconstruction from the Internal Revenue Code. That's Idlewild's position, at least. So Idlewild's position is it's in the regs, not the statute, and therefore it doesn't apply? Correct. In short form, that we have to give plain meaning, we have to just use the plain meaning of the statute as derived. Now, I don't want to talk out of both sides of my true value. There are lots of people out there in the world that would love to have their student loan debts canceled and would truly find that something of value. But the problem is, as this section is currently derived, as it's currently drafted, it does not provide for the cancellation of debt. There's only one entity that can modify or otherwise change that statute, and that's Congress. They've had ample opportunity to do it. They haven't done it yet. This could be a situation where they might want to revisit the situation, but unless or until they do, we just can't go out and say, well, let's take a piece here and a piece there, and we'll just try to carve something out. So the return your client filed in this case was not a 6041A return? Your Honor, I... If it was, it's in sub A. It's a 1099C. That would be... I know that's the number on the form, but which statutory subsection does it fall under? I would say it's, well, it falls under, it doesn't fall under 64, it doesn't fall, it's not one of the 6724D1A, one of the nine under 6724D1A. Well, that section, which is the cross-reference to the statutory cause of action for fraud at issue here includes 6041A. And it's the defendant's argument or the, I'm sorry, the plaintiff's argument here that this was that kind of return. Your Honor, I misunderstood the question. So the short answer to your original question is yes, however, this would not constitute a payment, because it's a cancellation of a debt. Now, and I'm not trying to split hairs here, Your Honor. Again, this cancellation of a debt clearly is something of value. I'm not disputing that fact. But the point is, it's not a payment, because when you list... So it wasn't a return filed under 6041A? It's, it doesn't, yeah, I say it doesn't constitute, it wouldn't constitute one... No, I understand that part of the argument. So it wasn't, your client didn't file this return pursuant to 6041A. Correct. So pursuant to what statutory section did your client file this 1099C? Because it's a cancellation of debt, Your Honor. Maybe I'm misunderstanding Your Honor's question. Why did your client file this return? Because they canceled a debt. No, I understand factually. I'm talking about legally. What statute compelled your client to file this return? My client believed it could legally, lawfully file this under 6041A, but it's not, but... So it was the 6041A return. Right. Then it's in. Well, no, it's out. I'm not saying, Your Honor, I'm sorry. The statute says it's in. What I'm saying, Your Honor, what I'm saying is that it's not specified under 6041A, so therefore it cannot be, it cannot be... So they made a mistake. No, I'm not saying that they made a mistake, Your Honor. What I'm saying is that 1099C is not one of the prescribed categories under 6724D1A. Well, 6041A is the very first one that's listed. Oh, I'm sorry. That's the whole argument that Mr. Jacoby is making here, that this is a 6041A return because that's the catch-all. And then there are some other specific ones that relate to penalties. Those are not implicated here, and that's a mistake that we, I'll own it up, me, made in the Cavoto case. Your Honor, what I'm trying to, yeah, what I'm trying to delegate to you... It's okay. I can take it. I get you understand where I'm going with this because of the nature of Cavoto. We essentially were following Cavoto. That's our position. That's the short and plain statement of we were following Cavoto. Cavoto has resulted in some confusion, right? Bierman, Angelopoulos, this case. Your Honor, we were following. At this point, I think the safest way for me to answer this question is my clients were following Cavoto. But Cavoto didn't impose any obligation on your client to file or not file any particular information returns, right? I mean, that just goes back to this question that Judge Sykes is asking you about did your client just file this voluntarily? Or did they view this as a mandatory thing pursuant to a statute? And if so, which statute? So what happens is for the 1090s, because it's a 1099-C and they're not a financial institution, they have the discretionary call to make it. So therefore, if they're canceling debt, they need to make sure that they're being honest with the government to say, hey, we have done this. There's something out there. So if they get audited, there's not some question about were you trying to conceal the fact that a payment was made to somebody. No differently than with any other portion of the Internal Revenue Code. When my firm cuts checks every month, we have to report income at the end of the year to who we pay to make sure that the IRS can cross audit to see what my employees are reporting to the government at the end of the year.  So they were acting in good faith, and that's going to be your factual defense if this case goes back. But I'm talking about trying to get to the legal question about which statute applies to this return. We have to classify it in order to address the argument that's being made about whether it's in or out of the statutory clause of action provided for in 7434. And if it qualifies as a 6041A, then it's in. I'd say the problem is that the only thing that talks about cancellation of debt is under 6724D1B, which we're talking about with the fork in the road, Your Honor. And so it's sort of like, and since this was, you know, and since they don't, that Idlewild does not qualify as any, it has a discretion to do so under B, which it did, because it wants to comply with the law as required by Kiboto to fully disclose when they're making, when someone's giving something of value. But true value. Because let's face it, I mean, the IRS will come after you if you don't disclose something as low as the minimus, as $1,000, $500. I don't, personally, lots of people, lay people on the street wouldn't think that that's a big deal until they get audited by the IRS and they get hit with the compound interest and the penalties and the fines. Which is why when you're a more sophisticated player, like a country club, and you give something of value, arguably $1,800, I know there's a factual dispute about the true value of the canceled debt, was, the point is, from the eyes of the IRS, you confess first, you fully disclose, and they decide what's true value, what's not, and whether it's reportable income, what's not, and that you really owe or don't owe. And that's a fight between the debtor and the IRS. That's exactly right. But as the entity that actually cancels the debt, you still have an affirmative obligation to act in good faith and disclose it. Sounds like a good factual defense. Thank you, Mr. Scope. Thank you. Ms. Montee, we'll go back to you now for a rebuttal argument. We'll give you two minutes. I'd like to agree with counsel for Idlewild. Setting aside the facts, they filed this under their reporting obligation under 6041 as a general income, which is what cancellation of debt falls into. So if they were going to be penalized in any way, it would be because they are required to file under 6041. Under no other statute would Idlewild fall into. Does it make sense that Congress, in adopting this cause of action, would include the general but exclude the specific, having to do with financial institutions? What's the rationale for that? They excluded a lot of people who would be filing them for every transaction. Financial institutions. Yeah, and mortgages and all of these types of things. Otherwise, if they send out something that is incorrect, they would have 1,000 causes of action. It is more narrowed. And if you look at these different categories, they're between people. And in fact, they call it payments between people. And let me just address this payment question. It's pretty standard. Black's Law says cancellation of debt is a part of a payment. Does it say that, though? Is it? Yes. I think the Black's Law that you cited was the fourth. And it has a sort of longer contextual paragraph at the end explaining that when it refers to discharge of a debt being payment, that refers to something of value being given over to satisfy a debt. Correct. Not the sort of forgiveness of a debt for nothing. Right, but this is something that we think obviously they believed it was something of value as well. In addition to that, if you look at the other statutes that are underneath that, the 110, which is also included in 6727 as a payment, that is forgiveness of rent for doing certain types of construction. So there's a lot more things to this. But generally, we look at forgiveness of debt as some type of payment. There was something paid out, whether it was services given by the country club or payment of dues. There is a payment piece to this. It isn't just a gratuitous cancellation of the debt. And lest we lose sight, this began with a golf tournament. It did. Thank you, Ms. Bonte. Thank you so much. Thank you, Mr. Skolk, for the case. Tax law is endlessly interesting. Thank you.